FILED
United States Court of Appeals
Tenth Circuit

May 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANIEL TIMOTHY JOHNSON,
a/k/a Timothy Barns,

      Defendant-Appellant.

No. 09-6034
(D.C. No. 5:08-CR-00222-M-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **GORSUCH,** Circuit Judges.

---

Defendant Daniel Timothy Johnson entered a guilty plea to a one-count

Information charging him with copyright infringement, in violation of 17 U.S.C.

§ 506(a)(1). His plea agreement states that he "knowingly and voluntarily waives

his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and

restitution imposed, and any other aspect of his conviction . . . ." Mot. to

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Enforce, Ex. 2 at 7-8.  Nonetheless, Mr. Johnson has filed a notice of appeal.  The government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the motion and dismiss the appeal.

The district court determined that the amount of loss attributable to Mr. Johnson was $553,859.10.  That amount was used to determine Mr. Johnson's guideline range of 41-51 months.  The district court sentenced Mr. Johnson to a sentence within that range–46 months.  The district court then ordered restitution in the amount of $553,859.10, the same amount as the loss calculation.

Mr. Johnson now seeks to appeal the district court's loss determination that was used to calculate the length of his sentence and the amount of restitution imposed.  Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."  359 F.3d at 1325.

<u>Scope of the Waiver</u>

Mr. Johnson's appeal falls within the scope of his appellate waiver.  In his plea agreement, he agreed to waive his right to appeal his sentence and the restitution imposed.  *See* Mot. to Enforce, Ex. 2 at 7-8.  The plea agreement specifically states that Mr. Johnson waives his right to appeal "his sentence as imposed by the Court and the manner in which the sentence is determined."  *Id.* at

8.  Mr. Johnson points to language in the plea agreement that "the parties reserved the right to advocate for, and present evidence relevant to, the amount of loss attributable to defendant," Resp. at 3.  But the language identified by Mr. Johnson relates to what the parties may raise to the Probation Office and the district court during the sentencing process.  Mot. to Enforce, Ex. 2 at 6.  There is no language in the plea agreement carving out an exception for Mr. Johnson to appeal from the district court's ultimate determination on the amount-of-loss issue.  Because Mr. Johnson's appeal relates to the manner in which his sentence was determined and the amount of restitution imposed, it falls within the scope of the waiver contained in his plea agreement.

Knowing and Voluntary

Mr. Johnson does not expressly argue that his waiver was not knowing and voluntary, but he does assert that "it is surely against public policy to allow a defendant to waive errors of law at sentencing–particularly before he has even been sentenced." *Id*. at 4.  This argument seems similar to the argument made by the defendant in *Hahn*– that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence," 359 F.3d at 1326.  We rejected defendant's argument in *Hahn*, and we reject Mr. Johnson's argument here.  "[W]hen a defendant waives his right to appeal, he does not know with specificity what claims of error, if any, he is

-3-

foregoing," but that does not render the waiver unknowing or involuntary. *Id*. at 1326-27; *see also United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error.").

<u>Miscarriage of Justice</u>

Finally, Mr. Johnson asserts that enforcing the appeal waiver would result in a miscarriage of justice. Counsel for Mr. Johnson appears to argue that he may have provided ineffective assistance to Mr. Johnson during the negotiation of the appeal waiver and that therefore the waiver should not be enforced. While ineffective assistance of counsel in connection with the negotiation of the appeal waiver may render the waiver invalid, such a claim must be raised in a collateral proceeding. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005); *Hahn*, 359 F.3d at 1327 n.13.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

Judge Briscoe dissents.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-